UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action Number:

ALEXANDER JOHNSON

    Plaintiff,

v.

PEI WEI ASIAN DINER, LLC
A Delaware Limited Liability Company,
d/b/a/ PEI WEI ASIAN DINER

    Defendant.

---

## COMPLAINT

---

Plaintiff, ALEXANDER JOHNSON, by and through his undersigned counsel, hereby files this Complaint and sues Pei Wei Asian Diner, LLC, a Delaware Limited Liability Company, d/b/a/ Pei Wei Asian Diner for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §§12181-12189 of the AMERICANS WITH DISABILITIES ACT ("ADA") and compensatory and punitive damages pursuant to Florida's service animal statute §413.08 and Florida Statute §509.092 and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367.

1

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, Southern District of Florida.

3. The remedies provided by Florida's service animal statute §413.08 and Florida Statute §509.92 are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

4. ALEXANDER JOHNSON (hereinafter referred to as "Plaintiff") was, and is currently, a resident of the State of Florida, who suffers from what constitutes a "qualified disability" under the ADA. The Plaintiff is, and has been, hearing impaired and suffers from severe bilateral sensorineural hearing loss, and has required the use and accompaniment of a service dog as defined by 28 C.F.R. §36.104.

5. Plaintiff's service animal is trained to perform tasks for the Plaintiff by assisting Plaintiff in all aspects of his hearing disability. Such tasks include, but are not limited to, alerting Plaintiff to the presence of other people and emergency sounds, retrieving items the Plaintiff has dropped that Plaintiff did not hear falling (ie: keys, wallet), and providing evasive protection from physical threats that Plaintiff would not otherwise detect. Plaintiff's service animal is well behaved, controlled by verbal and other commands and is collared and leashed. Plaintiff's service animal is a dog named "Snoopy", and is hereinafter referred to as "Snoopy".

6. At all times material hereto, the restaurant Pei Wei Asian Diner has been operated by Pei Wei Asian Diner, LLC, the Defendant to this lawsuit.

7. Defendant Pei Wei Asian Diner, LLC is a Delaware Limited Liability Company, which operates Pei Wei Asian Diner restaurants and is doing business in Florida. As such,

Defendant Pei Wei Asian Diner, LLC is d/b/a Pei Wei Asian Diner and is hereinafter referenced as "Defendant", or as "Pei Wei Asian Diner". Defendant is authorized to conduct, and is conducting, business within the State of Florida.

8. On July 13, 2013, the Plaintiff was accompanied by Snoopy when he personally visited 1730 North Federal Hwy, Fort Lauderdale, Florida 33305, known as Pei Wei Asian Diner, which was (and is) a restaurant open to the public (which is also referenced herein as "Subject Facility"). The Plaintiff's visit was prior to instituting the instant action.

9. At the time Plaintiff visited Pei Wei Asian Diner, he was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendant's restaurant, which is the subject of this lawsuit.

10. After Plaintiff had already paid for his lunch and was seated at a table, a restaurant employee at Pei Wei Asian Diner approached Plaintiff's table and demanded documentation and ID for Snoopy. See, Exhibit "A" for verification from Plaintiff.

11. Plaintiff informed the restaurant employee at Pei Wei Asian Diner that he had a hearing disability and that Snoopy was a service dog. Plaintiff also pointed out his hearing aid, which is quite visible to demonstrate his hearing disability, yet the Defendant's employee still demanded the Plaintiff and Snoopy to leave the restaurant even though they had been seated and Plaintiff was eating his meal.

12. The Defendant's employee demanded to see the paperwork for Snoopy and made no effort to accommodate the Plaintiff and Snoopy so that he could eat at the restaurant along with the general public. The rejection was humiliating and degrading to the Plaintiff.

13. Defendant's employee also refused to allow Plaintiff to eat the meal for

3

which he had already paid for. As a result of his ejection, Plaintiff had to ask the Defendant's employee for a refund for the meal that he was not allowed to eat at the restaurant while being accompanied by Snoopy. Plaintiff was denied service and was not able to eat at the restaurant; therefore, Plaintiff suffered an injury in fact.

14. The conduct of the Defendant was willful, malicious, and oppressive and in complete disregard for the rights of the Plaintiff and in violation of §36.302(c).

15. As a result of Defendant's conduct, Plaintiff suffered loss of dignity, mental anguish and other tangible injuries.

16. Plaintiff often dines at restaurants similar to Pei Wei Asian Diner and continues to desire to return to the restaurant to dine. However, Plaintiff continues to be injured because he is concerned that, should he attempt to visit Pei Wei Asian Diner, he will again be humiliated and discriminated against due to the fact he is accompanied by his service dog, all in violation of the ADA and State statutes.

17. Pursuant to 42 U.S.C. §12181(7) and Florida Statute §413.08, the Defendant is a place of public accommodation in that it is a fast food restaurant open to the general public, and is required by 28 CFR §36.302(c) to accommodate service animals.

18. Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expense incurred in this action.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

19. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 18 above.

20. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 23 years. As such, all public accommodations and facilities have had adequate time for compliance.

21. Plaintiff's hearing impairment limits major life activities including his ability to hear. Therefore, Plaintiff is an individual with a disability under Title III of the "ADA", §§12181-12189. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12181, et. seq.

22. By the Defendant's failure and refusal to allow Plaintiff and Snoopy into its Subject Facility, the Defendant has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when they:

   a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA and 28 CFR §36.302(c); specifically policies that provide equal access to individual with disabilities including their service animals.

   b) Excluded the Plaintiff from service of the public accommodation and denied Plaintiff the benefit of these services due to the fact that he was accompanied by his service animal which was assisting him with his disability, in violation of §36.301.

   c) Denied full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, and other advantages of the public accommodation in violation of §36.302(c).

23. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to require employees and owners of the Subject Facility to assure that the Subject Facility is accessible to, and useable by, individuals with disabilities including their service animals.

24. The Court is vested with the authority to require the Subject Facility, which serves the public generally, to allow service animals to accompany people with disability(ies) in all areas of the facility wherein the public is normally allowed to go.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief against the Defendant, including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from the Defendant's services. This includes entry of a permanent injunction ordering the Defendant Pei Wei Asian Diner, LLC d/b/a/ Pei Wei Asian Diner:

a) To cease discrimination against the Plaintiff and other disabled persons who use service animals;

b) To promulgate and comply with policies and procedures to ensure that the Defendant Pei Wei Asian Diner, LLC d/b/a/ Pei Wei Asian Diner and its staff do not discriminated against individuals who are disabled and use service animals;

c) Award reasonable costs and attorneys fees; and

d) Award any and all other relief that may be necessary and appropriate.

## COUNT II - VIOLATION OF FLORIDA STATUTES §413.08 AND §509.92

25. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 24 above.

26. Defendant has violated Florida Statute §413.08, which provides that a disabled person is entitled to be accompanied by a service animal in all areas of public accommodation and that the non disabled public or customers are normally permitted to occupy.

27. By refusing service to Plaintiff, who is physically disabled, based on the fact that he was accompanied by his service animal, Defendant has violated Florida Statute §509.92, which states that public lodging establishments and public food service establishments cannot refuse accommodations or service to any person based on physical disability.

28. The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against the Defendant. including compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

    a) A declaration that the policies and procedures of Pei Wei Asian Diner, LLC d/b/a/ Pei Wei Asian Diner violated Florida Statute §413.08 in that Pei Wei Asian Diner, LLC failed to consider and accommodate the needs of disabled persons and their service animals to the full extent required by Florida law.

b)       An Order mandating that Pei Wei Asian Diner, LLC d/b/a/ Pei Wei Asian Diner train its employees, including management staff, to comply with all appropriate laws;

c)       An Order mandating that Pei Wei Asian Diner, LLC d/b/a/ Pei Wei Asian Diner evaluate its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities and their service animals within a reasonable time;

d)       An Order mandating that Pei Wei Asian Diner, LLC d/b/a/ Pei Wei Asian Diner to expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures toward persons with disabilities and their service animals, and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

e)       Award compensatory damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

f)       Award reasonable costs and attorneys fees; and

g)       Award any and all other relief that may be necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated: August 28, 2013

Respectfully submitted,

By: */s/Scott R. Dinin*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
565 NE 69th Street
Miami, Florida 33138
Tel: (786) 431-1333
Fax: (786) 431-1311
inbox@dininlaw.com
*Counsel for Plaintiff*

# EXHIBIT 'A'

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action Number:

ALEXANDER JOHNSON

      Plaintiff,

v.

PEI WEI ASIAN DINER, LLC
A Delaware Limited Liability Company,
d/b/a/ PEI WEI ASIAN DINER

      Defendant.

---

### VERIFICATION OF COMPLAINT

Plaintiff, ALEXANDER JOHNSON, declare under penalty of perjury under the laws of the State of Florida that the allegations in the foregoing complaint are true and correct.

Date: 7-22-13

                                                             Alexander Johnson

**EXHIBIT "A"**